UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

**CIVIL MINUTES -- GENERAL**

Case No.   LA CV 16-02465-VBF                     Dated: Wednesday, May 24, 2017

Title:   *Henry C. Barnett, Petitioner v. K. Holland (Warden), Respondent*

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

            Kelly Davis                                N/A
            Courtroom Deputy                           Court Reporter

Attorney Present for Petitioner: N/A          Attorney Present for Respondent: n/a

**PROCEEDINGS (in chambers):  ORDER    Denying Document #33 (Reconsideration)**

    This was Henry C. Barnett ("petitioner")'s action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court entered final judgment against petitioner, and he moved for reconsideration.  **For reasons set forth below, the Court will deny reconsideration.**

    On August 9, 1995, a Superior Court jury found petitioner guilty of vehicle theft.  Finding that petitioner had two prior strike convictions, the judge sentenced him to 25 years to life in prison.  The state Court of Appeal affirmed in January 1997.  Petitioner pursued collateral attacks in state court from 1998-2015, then filed this petition in 2016.  The Magistrate issued an R&R recommending that the petition be dismissed as untimely (Doc 25).  On February 22, 2017, this Court issued an Order adopting the R&R and dismissing the petition, an order denying COA, and judgment (Docs 30-32).

    "[O]ur Local Civil Rule 7-18 sets forth a standard that is not identical to the Fed. R. Civ. P.

CIVIL MINUTES - GENERAL              -1-            Initials of Deputy Clerk ___kd___

59(e) standard." *Kraft*, 2016 WL 4120049 at *2. Our local rule provides in pertinent part that a motion for reconsideration of any decision may be made *only* on the grounds of

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> ( c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal LCivR 7-18 (¶ breaks and italics added). As Judge Lew has noted, "Local Rule 7-18 . . . is thus narrower than . . . the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Ketab Corp. v. Mesriani Law Group*, 2015 WL 2084469, *2 n.3 (C.D. Cal. May 5, 2015), *app. dis.*, No. 15-56479 (9th Cir. Nov. 19, 2015).

This Court agreed that petitioner's conviction became final on March 9, 1997, forty days after the Court of Appeal affirmed, and that absent tolling, the limitations period expired after March 10, 1998. This Court further found the period was *statutorily* tolled from March 10, 1998 (when he filed his first state habeas) through April 23, 1998, when the last of that first round of state collateral attacks was denied. *See* Doc 25 at 4-5. Petitioner has not attacked the statutory-tolling determination.

This Court further found that petitioner was not entitled to any equitable tolling. *See* Doc 25 at 5-7. First, as a matter of law, his "low level of education" and lack of legal training did not constitute extraordinary circumstances warranting equitable tolling, *id.* at 6. Second, in response to petitioner's allegation that counsel had refused his entreaties to challenge his sentence, the Court found that "neither trial counsel's nor appellate counsel's failure to follow Petitioner's instruction prevented Petitioner, himself, from filing a timely federal petition", *id.* at 7. In any event, the Court noted, any purported error "occurred nearly two decades before" petitioner filed this petition, *id.* Petitioner has not purported to identify any defect in this part of the equitable-tolling analysis.

**This Court rejected petitioner's contention that his petition was timely because he did not discover the factual predicate of the claims until a few months earlier:**

> Petitioner maintains that he could not prove that his current sentence was unconstitutional until he first obtained records from his 1984 conviction showing that he had only one prior strike, not two as the trial court found. According to Petitioner, he obtained the records from his 1984 conviction on June 14, 2016. Based on those records, Petitioner now maintains that he "was induced to plead guilty in the (1984) conviction based entirely on a promises [sic] that the 'plea' would result in only one 'strike,' and the court (now) must enforce that promise." (Opp. at 5.)
>
> This argument is meritless. Regardless of whether he was able to obtain the records supporting his claims, Petitioner was demonstrably aware of the facts necessary to challenge his current sentence based on attack to [sic] the validity of his 1984 conviction. * * * Indeed, Petitioner states that, in fact, he urged his trial counsel and his appellate counsel to assert the challenges to his sentence that he now seeks to assert in this Petition. * * * Accordingly, he is not entitled to a later start date for the statute of limitations under § 2244(d)(1)(D).

Doc 25 at 7:25 through 8:16 (internal case citations and brief citations omitted).

Barnett asks the Court to reconsider its timeliness dismissal based upon "newly discovered evidence", i.e. "new state law passed" after he filed the petition and *In re Miles*, No. G046534, 213 Cal. Rptr.3d 770, 7 Cal.App.5th 821 (Cal. App. Jan. 19, 2017), *modified on denial of reh'g* (Cal. App. Feb. 10, 2017), *rev. den.* (Cal. May 10, 2017) (ordering Court of Appeal *not* be published).

**First, petitioner believes that the "new state law" – Senate Bill No. 1134, which amended California Penal Code § 1473, "lowered the standard for granting habeas corpus relief" and entitles him to relief "when any new evidence exists."** Petitioner is mistaken. No state statute or decision by a state court can constitute "clearly established law" for purposes of AEDPA. Federal habeas relief was potentially available only if he showed that a state court, in denying the claims, contradicted or unreasonably applied clearly established federal law, defined to consist only of holdings of the U.S. Supreme Court. Thus, petitioner fails to show that a change in controlling federal law warrants reconsideration (under LCivR 7-18(b)) of the untimeliness dismissal of his petition. Petitioner's reply fails to address this defect in the *Miles*-based portion of his argument.

**Second, petitioner fails to show that he is entitled to reconsideration** (under LCivR 7-18(b)) on the basis of "new evidence", namely documents pertaining to his 1984 convictions that he received from the superior court in June 2015. As respondent points out, however (Doc 35 at 5-6), petitioner fails to provide or specifically describe that evidence. Petitioner merely states (Doc 33 at

3) that he learned from those documents that his sentence was "wrong, illegal, unlawful as well as unjust." Such a conclusory assertion, unsupported by concrete evidence of record, cannot be a basis for reconsideration of the dismissal order or a basis for habeas relief. Moreover, petitioner fails to show cause for his failure to contact the Superior Court to request those documents until June 16, 2014 (Doc 33 at 7), more than sixteen years after the AEDPA period had expired (*see* R&R at 5).

The Court otherwise agrees with an adopts the respondent's opposition brief, which it finds to be well taken in all respects.

## ORDER

Petitioner Barnett's Motion for Reconsideration of the February 21, 2017 Order Denying Habeas Petition and the February 21, 2017 Final Judgment **[Doc # 33] is DENIED.**

IT IS SO ORDERED.

*Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK

Senior United States District Judge

CIVIL MINUTES - GENERAL                              -4-                    Initials of Deputy Clerk ___kd___